| | |
|---|---|
| **PATRICIA WHIPPLE, and COURTNEY ADERHOLD,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) ) |
| **RHA HEALTH SERVICES, LLC,** | ) ) |
| **Defendant.** | ) ) |

**COMPLAINT**

Plaintiffs Patricia Whipple ("Whipple"), and Courtney Aderhold ("Aderhold") (collectively "Plaintiffs"), by and through their counsel, bring claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.* ("NCWHA") against RHA Health Services, LLC ("RHA" or "Defendant"), and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## NATURE OF ACTION

1.  Plaintiffs contend that Defendant violated the FLSA by knowingly suffering and/or permitting them to work in excess of 40 hours per workweek without properly compensating them for all overtime hours worked.

2.  Plaintiffs contend that Defendant violated the NCWHA by failing to timely pay them all earned regular wages on their regularly scheduled paydays.

## JURISDICTION AND VENUE

3.	This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

4.	This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the FLSA.

5.	The claim for violations of the NCWHA is based on the statutory law of the State of North Carolina.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claim because it arises out of the same common nucleus of operative facts as the FLSA claim.

6.	All causes of action alleged by Plaintiffs can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

7.	This Court has personal jurisdiction because Defendant's principal place of business is in Buncombe County, North Carolina which is in this judicial district.

8.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of Buncombe County, North Carolina, which is in this judicial district.

## PARTIES

9.	Whipple is an adult individual and resident of Atlantic Beach, North Carolina, who worked for Defendant as an MCR from in or about July 2020 until in or about February 2023.

10.	Aderhold is an adult individual and resident of Wilmington, North Carolina, who worked for Defendant as an MCR from in or about August 2021 until in or about December 2022.

11.	Defendant is a foreign limited liability company, organized and existing under the laws of Delaware, with its principal place of business located at 17 Church Street, Asheville, North Carolina 28801.

2

## COVERAGE ALLEGATIONS

12.    At all times relevant, Defendant has been an "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

13.    At all times relevant, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14.    At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15.    At all times relevant, Plaintiffs have been "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

16.    At all times relevant, Defendant employed Plaintiffs within the meaning of the FLSA.

17.    At all times relevant, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

18.    At all times relevant, Plaintiffs were or are employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## FACTS

19.    RHA provides support services to individuals with disabilities and mental health and/or substance abuse issues and provides these services in multiple states.  RHA's services are

available 24 hours per day, seven days per week, and 365 days per year. RHA does not close for any holiday.

20. MCRs provide intensive, on-site response, stabilization, and intervention for people of all ages who are experiencing a crisis due to mental health disturbances, developmental disabilities, or addiction.

21. MCRs' duties included receiving calls from a dispatcher, traveling to client's locations, assessing, and providing resources and assistance to clients, completing documentation relevant to the client visits, and following up with clients to provide ongoing checkups and assistance, as needed. RHA additionally required MCRs to transport clients to mental health or substance abuse facilities multiple hours away, sometimes across state lines.

22. RHA scheduled Whipple and Aderhold to work rotating shifts ranging from 48 to 72 hours. This resulted in workweeks where Plaintiffs totaled either 72 hours or 96 hours worked in the workweek.

23. In the three-year period proceeding the filing of this Complaint, Whipple and Aderhold each worked more than 40 hours in one or more workweeks. RHA did not pay Plaintiffs an overtime premium in workweeks where Plaintiffs worked in excess of 40 hours.

24. RHA treated Plaintiffs as being "on call" during all their scheduled work shifts and did not pay Plaintiffs for all hours of their scheduled work shifts. RHA determined which work activities were compensable. RHA instructed Plaintiff to enter their time worked as 8:00 a.m. to 5:00 p.m. Monday through Friday regardless of the actual days and times Plaintiffs worked. However, on or about December 16, 2022, Josh Christian, RHA's Chief Human Resources Officer, instructed all MCRs to begin "clocking-in" at the start of their shift and "clocking-out" at the end of their shift.

25.     RHA paid Plaintiffs an hourly rate of pay.  RHA classified Plaintiffs as non-exempt employees under the FLSA and therefore, they were eligible for overtime pay.

26.     Because MCRs treat clients who are in mental health crisis situations, RHA requires MCRs to answer phone calls from RHA's dispatcher immediately.  MCRs were subject to disciplinary action if they did not answer their phones within the first or second ring.  After receiving the information from the dispatcher, RHA required each MCR to leave for the client's location within ten minutes of receiving the dispatch phone call.  If an MCR did not leave within ten minutes of receiving the call, the MCR was subject to discipline.  RHA required each MCR to provide their location during the call to estimate the MCR's arrival time at the client's location.  RHA also required each MCR to provide proof of any reason that the MCR would be delayed (i.e., due to traffic, accident, etc.).

27.     During scheduled work shifts, MCRs were prohibited from any activity that would impede their ability to respond immediately to calls, such as going to a movie, going outside without their phone, going to the bathroom without their phone, taking a shower without their phone, drinking alcohol, or grocery shopping.  If an MCR had children, RHA required the MCR to secure childcare for the entirety of their scheduled shift.  When not on a call, Plaintiffs could not use time during their scheduled work shifts for their own purposes because of the restrictions, control and demands that RHA placed on Plaintiffs.

28.     Each call an MCR received required several hours of work, with an average of approximately 45 minutes of one-way travel, an assessment lasting approximately 1.5 hours, and 1.5 to 2 hours of documentation, along with additional travel time transporting clients.

29.     On average, MCRs would receive approximately 5–8 dispatch calls per scheduled 48-hour work shift and 7–10 dispatch calls per scheduled 72-hour work shift.

30.     In between dispatch calls, MCRs often spent time performing case management, including following up with existing clients.

31.     Under the FLSA and NCWHA, Plaintiffs were scheduled in a manner whereby they were "engaged to wait" to be dispatched to crisis situations.  As a result, RHA should have treated all scheduled work hours as compensable time worked by Plaintiffs.

32.     Plaintiffs were frequently so busy performing their work duties during their scheduled shifts that it became necessary to complete required paperwork on days they were not scheduled to work.  RHA did not pay MCRs for work completed off-the-clock.

33.     For each week Plaintiffs worked for RHA as an MCR, a significant number of their hours were unpaid.

34.     The time for which RHA failed to pay Plaintiffs included both unpaid regular hours and unpaid overtime hours.

35.     RHA willfully violated the FLSA, as it either knew or showed reckless disregard to the fact that its pay practices were unlawful.

**COUNT I: FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA FOR ALL OVERTIME HOURS WORKED**

36.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

37.     Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

38.     FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per workweek.

39.     Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiffs and Members of the Collective to work overtime hours each workweek without paying them for the actual number of overtime hours worked.

40.     Throughout the relevant period, Plaintiffs each worked in excess of 40 hours per week during one or more workweeks but were not paid an overtime premium of 1.5 times their regular hourly rate for all of those additional hours.

41.     Defendant's actions described in this Complaint violated the FLSA.

42.     Defendant's actions were willful and not in good faith.

43.     Plaintiffs have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

44.     Defendant is liable to Plaintiffs for actual damages, liquidated damages, and reasonable attorneys' fees, costs, and expenses.

## COUNT II: VIOLATION OF THE NCWHA

45.     Plaintiffs realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

46.     Count II arises from Defendant's policy and practice of suffering or permitting Plaintiffs to work without timely paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

47.     Defendant violated N.C. Gen. Stat. §§ 95-25.6 and 95-25.7 by failing to pay Plaintiffs all promised and earned wage payment on the employee's regular payday for all hours worked.

48.     Defendant's violation of the NCWHA was willful and not in good faith.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, demand judgment against Defendant and in favor of Plaintiffs for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A.    Declare and find that the Defendant committed one or more of the following acts:

    i.    Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs;

    ii.    Willfully violated provisions of the FLSA;

    iii.    Violated provisions of the NCWHA by failing to pay all earned regular wages to Plaintiffs on regularly scheduled paydays; and

    iv.    Willfully violated provisions of the NCWHA.

B.    Award compensatory damages, including all regular overtime pay owed, in an amount according to proof;

C.    Award liquidated damages on all compensation due accruing from the date such amounts were due;

D.    Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

E.    For such further relief as the Court deems just and equitable.

Dated: July 17, 2023                Respectfully Submitted,

                                      s/ Corey M. Stanton
                                      Philip J. Gibbons, Jr., NCSB #50276
                                      Corey M. Stanton, NCSB #56255
                                        Ethan L. Slabosky, NCSB #59555
                                      **GIBBONS LAW GROUP, PLLC**
                                      14045 Ballantyne Corporate Place, Suite 325
                                      Charlotte, NC 28277
                                        Telephone: 704-612-0038
                                        Email:  phil@gibbonslg.com
                                                     corey@gibbonslg.com
                                                       ethan@gibbonslg.com

                                      *Attorneys for Plaintiffs*